Mireya A.R. Llaurado, Bar No. 194882
Michael E. Gabel, *pro hac vice*
**FEDERAL EXPRESS CORPORATION**
2601 Main Street Suite 340
Irvine, California 92614
Telephone: (949) 862-4632
Facsimile: (949) 862-4605
E-mail: mallaurado@fedex.com
ATTORNEYS FOR DEFENDANT
FEDERAL EXPRESS CORPORATION

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHARI JACKSON, an individual, GERALD MYERS, an individual, DEBBIE GREENE, an individual, <br><br> PLAINTIFF, <br><br> vs. <br><br> FEDERAL EXPRESS, a business form unknown; and Does 1 thru 100, inclusive, <br><br> DEFENDANTS. | Case No. CV10 1760 MMM (CWx) <br> Assigned to Hon. Margaret M. Morrow <br><br> **DEFENDANT FEDERAL EXPRESS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NUMBER 1** <br><br> [RE PLAINTIFFS' MOTION *IN LIMINE* NO. 1] <br><br> Date: June 16, 2011 <br> Time: 10:00 a.m. <br> Courtroom: 780 <br> Complaint Filed: February 4, 2010 |
| JUDE CIAVERELLA, an individual, <br><br> PLAINTIFF, <br><br> vs. <br><br> FEDERAL EXPRESS, a business form unknown; and Does 1 thru 100, inclusive, <br><br> DEFENDANTS. | Case No. CV10 1760 MMM (CWx) <br> Assigned to Hon. Margaret M. Morrow <br><br> **DEFENDANT FEDERAL EXPRESS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NUMBER 1** <br><br> [RE PLAINTIFFS' MOTION *IN LIMINE* NO. 1] <br><br> Date: June 16, 2011 <br> Time: 10:00 a.m. <br> Courtroom: 780 <br> Complaint Filed: February 4, 2010 |

## I. INTRODUCTION

Plaintiffs' motion *in limine* seeks to exclude witnesses that FedEx already disclosed to them in this lawsuit ***multiple times***. In fact, the identities of the vast majority of the FedEx witnesses that Plaintiffs seek to exclude were handed over to Plaintiffs by FedEx on a silver platter, i.e., at the two-day Deposition of FedEx's Person Most Knowledgeable about FedEx's investigation into Plaintiffs' wrongdoing, with 13 of the individuals listed on a written timeline prepared for the litigation and voluntarily disclosed to Plaintiffs at the PMK deposition.

As to the timeline, PMK Heath Ferry brought it to Day 1 of his PMK deposition, and opposing counsel used it delve into FedEx's entire investigation. And because it was so thorough, Plaintiffs' counsel surprisingly requested a second day of deposition testimony on the topic ***alone***. During the second day of questioning about the investigation, the timeline (now revised again by FedEx counsel) again provided the basis for the entire line of questioning.

Unlike Plaintiffs, who tried to spring 16 new witnesses ***never once disclosed*** in any discovery or deposition, the 24 FedEx witnesses at issue meet the requirements of the *Federal Rule of Civil Procedure* Rule 26. FedEx has already disclosed every single one of the witnesses, as follows:

- Thirteen witnesses were listed on the timeline that was the focus of two days of PMK testimony in February – March 2011; and/or
- All but nine of the witnesses were discussed, either through testimony or through documentation provided to Plaintiffs' counsel at the PMK deposition of Heath Ferry or at the other PMK Deposition of Laura Corodimas. The other nine witnesses were discussed multiple times in other depositions in this case (including Plaintiffs'), and/or were first identified ***a year ago*** in Declarations.
- After disclosing them during discovery, some of the witnesses featured prominently at the summary judgment stage.

- All but one witness appeared in multiple FedEx records contemporaneous with Plaintiffs' wrongdoing. These documents were disclosed for the first time *in November 2010*, and FedEx disclosed the documents again in February 2010.

Although Plaintiffs' Motion *in Limine* blithely asserts that FedEx merely "mention[ed]" these witnesses in discovery, that is simply not accurate. There is absolutely no surprise to Plaintiffs about FedEx's witnesses, thus there is no basis to exclude FedEx's witnesses from trial.

## II. <u>BACKGROUND</u>

On January 3, 2011, Plaintiffs' counsel served FedEx with a Notice of PMK deposition and documents. Although overbroad, one of the few unobjectionable topics sought testimony and documents about FedEx's investigation into Plaintiffs' wrongdoing, specifically, Plaintiffs sought "PMK TOPIC NO. 1: The circumstances (who, what, where, how, when, and why) of PLAINTIFFS' terminations." Declaration of Mireya A.R. Llaurado ¶ 2 (May 26, 2011).

### A. FedEx Provided the Identities of Its Key Witnesses Primarily Through a Timeline Document That FedEx Specially Prepared for the Litigation and that Was the Focus of the PMK Deposition

After meeting and conferring about dates, on February 10 at 11:30 AM, Mr. Heath Ferry appeared for the deposition on PMK Topic 1. Llaurado Decl. ¶ 3. Mr. Ferry served as the PMK for this topic because he had been the Senior Manager selected from another FedEx station to lead the investigators into their inquiry into Plaintiffs' believed wrongdoing of timecard falsification. Llaurado Decl. ¶ 3.

When Mr. Ferry appeared for the PMK Topic 1 deposition, he came armed with a significant document: a four-page timeline prepared just in advance of the deposition that not only summarized the five week investigation but that also *reflected all the key FedEx players in the investigation*. The document is entitled "FEDERAL EXPRESS CORPORATION: LGB – Timeline of

Events/Investigation" ("the Timeline"). Mr. Ferry produced it to Plaintiffs' counsel. Llaurado Decl. ¶ 4, Exh. A.

In addition, at the deposition, FedEx counsel produced for a *second* time the key investigatory documents (e.g., investigatory statements, employee timecards reviewed during the investigation, Plaintiffs' training records) that the Timeline summarized. FedEx had already produced those 417 pages of documents on November 2, 2010, but so that Plaintiffs' counsel would not need to scour his office to retrieve them from the 4649 pages FedEx has produced in this case, FedEx counsel produced another set of the 417 pages to him, and also came with armed with sets for FedEx counsel and for Mr. Ferry to use so as streamline the deposition. Llaurado Decl. ¶¶ 5-7. Thanks to FedEx, the participants at the PMK deposition could all literally be on the same page.

At the start of the deposition, Mr. Ferry explained that he recently prepared the Timeline with another key investigator in the case, Susan Hanson, and with the assistance of FedEx counsel. Deposition of Corporate PMK of Federal Express Heath Ferry 54:8-56:8 (Vol. I); see Llaurado Decl. ¶ 8, Exh. B. The Timeline undeniably served as the deposition's principal document, and Mr. Smith used it to painstakingly walk the PMK witness through FedEx's five week investigation, including who from FedEx (listed on the document) did what in the investigation. Llaurado Decl. ¶ 9. Indeed, when starting to question about the investigation, Mr. Smith introduced the document as an exhibit and stated:

> **Q: You've got it here, and your counsel has been kind enough to do this, so we can kind of follow the bouncing ball.**

PMK – Ferry Dep. Tr. 53:7-23 (Vol. I). Llaurado Decl. ¶ 9, Exh. B. Throughout the deposition, Mr. Smith constantly referenced the Timeline in order to question Mr. Ferry about what FedEx investigators did next, e.g.:

> **Q: So the next thing you had in connection with this investigation occurs on January 7, 2009. Why are you making reference to an "all Ops Manager Meeting at APV"?**
> \*\*\*

3
FEDEX'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 1

> **A: Because it's in reference to just a point in a meeting that took place during the timeline that has to do with some relevant information:**
> **\*\*\***
> **Q: Who, to your understanding, was present?**
> **A: John Fitzpatrick, Susan Hanson, outside of that I don't know."**

PMK – Ferry Dep. Tr. 159:13-161:8 (Vol. I); Llaurado Decl. ¶ 10, Exh. B.

Mr. Ferry's deposition wore-on until late, and FedEx agreed to a continuance. When the parties went off the record, Mr. Smith stated his surprise that he had "no idea" when he started the deposition that he would be unable to get through PMK Topic 1, he thanked FedEx counsel again for bringing the documentation and apologized that had he known about how extensive FedEx's preparation was, he would have started the deposition earlier in the day. Llaurado Decl. ¶ 11. In short, because FedEx counsel and the witness had come so thoroughly prepared for the deposition with the timeline for Mr. Smith's use, Mr. Smith came to realize that he would need another day of testimony. In other words, Mr. Smith had not realized how little he knew about the facts of who did what and when until FedEx laid it all out for him.[1]

On March 10, the deposition continued a second day. Mr. Ferry brought with him the timeline, but this version had changes that FedEx counsel made to the document. FedEx counsel explained its imprint on the updated document:

> **I made changes, you can ask the witness if he made any changes from the time I left, I think I know what the answer to that is, but I can represent that I made some changes[.] I added some Bates numbers that had been missing or that were incorrect in the last version, and I think I added Frank Simbol's last name in a certain location, which I can't identify right now. I think those are the**

---

[1] Indeed, FedEx counsel explained to Plaintiffs' counsel off-the-record that it was no problem for FedEx counsel to come so prepared because FedEx could be nothing but proud of its five-week, impartial investigation that prompted the terminations of the three African-American Plaintiffs and the one Caucasian Plaintiff in this race discrimination case. Llaurado Decl. ¶ 12. Further, FedEx never once objected to the fact that Plaintiffs' counsel went well beyond the 7-hour limit in questioning Mr. Ferry as PMK, as well as Ms. Laura Corodimas, who provided approximately 2 hours of testimony on other PMK topics. Id.

4
**FEDEX'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* 1**

**only changes I made.**

PMK – Ferry Dep. Tr. 190:19-191:21 (Vol. II). Plaintiffs' counsel Mr. Smith then immediately adopted the updated timeline for his use, marking it Exhibit 232. See Llaurado Decl. ¶ 15; Exh. C. Mr. Smith used the timeline as the basis to question Mr. Ferry for the remainder of the PMK deposition (i.e., an additional 4 hours and 34 minutes). Llaurado Decl. ¶ 16.

### B. Plaintiffs Cannot Possibly Claim Surprise as To Any of the Witnesses as They Were All Discussed Multiple Times During Discovery

In sum, FedEx has disclosed all of its witnesses, and it has done so multiple times. FedEx served the key 417 pages amongst thousand of others in November 2010, then selected these specific documents again for disclosure in February 2010, and all but one of the witnesses are discussed in those documents and were addressed at Mr. Ferry's deposition. Further,

- Thirteen witnesses were listed on the timeline that was the focus of two days of PMK testimony in February – March 2011; and/or

- All but nine of the witnesses were discussed, either through testimony or through documentation provided to Plaintiffs' counsel at the PMK deposition of Heath Ferry or at the other PMK Deposition of Laura Corodimas. The other nine witnesses were discussed multiple times in other depositions in this case (including Plaintiffs), and/or were first identified *a year ago* in Declarations supporting FedEx's Partial Motion for Summary Judgment (See Declaration of Elizabeth Lopez ¶¶ 18-19 (May 24, 2010); see Docket 19).

- After disclosing them during discovery, some of the witnesses featured prominently at the summary judgment stage. For example, Vice President Glen Corbin was discussed multiple times by Plaintiffs themselves at their depositions, as he denied their internal appeals. At

his deposition, John Fitzpatrick discussed how Mr. Corbin approved the terminations before they took place and denied Plaintiffs' reinstatement afterward. Mr. Corbin is discussed in FedEx's motion for summary judgment, Plaintiffs' opposition, and the Court's ruling on summary judgment.

- All but one witness (Joann Fanto) appeared in multiple FedEx records contemporaneous with Plaintiffs' wrongdoing. These documents were disclosed for the first time *in November 2010*, and FedEx disclosed the documents again in February 2010. Plaintiff Myers himself discussed Ms. Fanto at his deposition, and all Plaintiffs know her because she was their Dispatcher at Long Beach. Deposition of Gerald Myers 125:11 (Vol. I) (Feb. 24, 2011).

Llaurado Decl. ¶ 17.

Finally, FedEx has agreed to let Plaintiffs depose any and all of the witnesses. And although Plaintiffs still have not done so, FedEx has already provided the contact information for all of its witnesses. Under these circumstances, FedEx has met the requirements under Rule 26. Llaurado Decl. ¶ 18, Exh. D.

### III. ARGUMENT

After parties to a lawsuit serve their initial disclosures, *Federal Rule of Civil Procedure* 26(e) obligates them to supplement their discovery disclosures if they learn the disclosure is incomplete or incorrect "and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ." FED. R. CIV. P. 26(e)(1)(A). Significantly, the Advisory Committee Notes to the 1993 Amendments state, quite plainly:

> There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in

an earlier report.

The purpose of the Rule, of course, is to avoid trial by ambush.

Federal courts addressing this issue are in accord. Such cases make clear that a witness not disclosed in initial disclosures or even in response to written discovery may have "been made known" through deposition testimony, in which case there is no duty to supplement: "The duty to supplement imposed by Fed.R.Civ.P. 26(e)(1) does not require an application of form over substance." *Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (ND Ind. 1998) (internal quotes omitted).

This is not, as Plaintiffs make it out to be and cite *Ollier v. Sweetwater Union High School Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010), a situation in which the witnesses were casually mentioned just once during a deposition testimony. ***Instead, each of these witnesses have been disclosed to Plaintiffs in multiple forms***, i.e., through disclosures of FedEx records, including two disclosures of the key investigative file; a Timeline drafted with counsel's help for purposes of the litigation; deposition testimony of FedEx witnesses and Plaintiffs own witnesses.

In ruling on Plaintiffs' motion, this Court should consider the lack of prejudice and surprise to the opposing party, the ability of the party to cure the prejudice, the likelihood of disruption, and the party's bad faith or unwillingness to comply with the rule. *Bronk v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995). Plaintiffs here cannot show any prejudice or surprise. They knew of many of the witnesses over a year ago (through Declarations), and they learned of the remaining by November 2010, when FedEx disclosed its documents in the case. And FedEx reinforced for Plaintiffs who its key witnesses were by February 10, 2011, when it supplied the Timeline and re-served the key documents in this case.

Further, Plaintiffs know what information these people possess, as much of this was explained by FedEx's PMK witnesses, especially Mr. Ferry. Plaintiffs had knowledge of the witnesses and indeed, the four Plaintiffs discussed many of the witnesses in their own deposition testimony, which covered seven days. *Wells v.*

*Berger, Newmark & Fenchel, P.C.*, 2008 U.S. Dist. LEXIS 21608 at *6 (N.D. Ill. Mar. 18, 2008); *see also Buffone v. Rosebud Rests., Inc.*, 2006 U.S. Dist. LEXIS 58994 at *7-*8 (N.D. Ill. Aug. 21, 2006)(noting the advisory committee notes to Rule 26(e) explain that parties need not supplement disclosures of a witness if the witness is identified during a deposition).

It was incumbent upon Plaintiffs to exercise their own independent judgment about the significance of these witnesses and their relevance to the case. *See Wells*, 2008 U.S. Dist. LEXIS 21608 at * 7-*8; *cf. Se-Kure Controls, Inc. v. Vanguard Prod. Group, Inc.*, 2007 U.S. Dist. LEXIS 17231 at *8 (N.D. Ill. Mar. 12, 2007)(noting that parties should make own judgments of significance of information already in its possession). Having elected not to take more discovery concerning these witnesses, Plaintiffs cannot now assert their lack of knowledge as a basis for exclusion of these witnesses. They knew of these witnesses, and FedEx therefore had no obligation to amend its disclosures pursuant to Federal Rule of Civil Procedure 26(e). Consequently, there is no basis for exclusion of these witnesses.

## IV. CONCLUSION

There is absolutely no surprise or ambush here, and so the Court should disregard Plaintiffs' arguments about witnesses already made known to them and deny Plaintiffs' motion.

DATED: May 26, 2011        Respectfully submitted,

By: _____/s/ *Mireya A.R. Llaurado*_____
Mireya A.R. Llaurado
Attorney for Defendant Federal Express Corporation